**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1454

_____

HERBERT STODDART
a/k/a Derik Gardner,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A024-515-042)
Immigration Judges:  Honorable Andrew R. Arthur & Walter J. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 29, 2015

Before: CHAGARES, JORDAN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 1, 2015)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se petitioner Herbert Stoddart seeks a motion for a stay of removal and petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. We will dismiss the petition for lack of jurisdiction and deny the stay motion.

I.

Stoddart is a native and citizen of Jamaica who entered the United States in 1977 when he was 19 years old. It appears that, at some point, Stoddart returned to Jamaica, and in 2000, when he attempted reenter the country using fraudulent documents, he was served with a Notice to Appear, charging him as removable for being convicted of a controlled substance violation, as a controlled substance trafficker, as an aggravated felon, and as an alien previously removed. See 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), (a)(2)(C), (a)(2)(C)(i), and (a)(9)(A)(ii). Stoddart apparently conceded removability and was removed, but thereafter reentered the United States. On April 9, 2013, the Department of Homeland Security ("DHS") issued a notice of intent to reinstate his prior order of removal.

Stoddart then asserted that he feared returning to Jamaica because he believed that he would be persecuted because his brother Raymond was gay and because Stoddart is perceived to be gay. An asylum officer determined that Stoddart had a reasonable fear of persecution, and Stoddart applied for withholding of removal under 8 U.S.C. § 1231 and

2

the Convention Against Torture ("CAT").[1]

Stoddart, who was represented by counsel, appeared before the IJ in March 2014. He recounted a series of incidents that occurred over the course of two decades between himself and Raymond, and a group of Jamaican men who disapproved of Raymond's sexual orientation and Stoddart's support of him. However, on March 24, 2014, the IJ issued an oral decision denying Stoddart's claims for relief. Stoddart thereafter filed pro se a timely motion to reopen and for reconsideration with the IJ. On May 30, 2014, the IJ[2] denied the motion.

Stoddart filed notices of appeal ("NOA") from the March 24th and May 30th decisions on June 24, 2014. After filing his NOAs, all of the documentation that Stoddart received from the BIA referred only to the appeal from the May 30th order. Accordingly, Stoddart requested that the BIA take administrative notice that he filed NOAs seeking review of both of the IJ's decisions.

The BIA dismissed Stoddart's appeal in a January 2015 decision, determining that the IJ properly denied the motion to reconsider and reopen. In response to Stoddart's request that the BIA take administrative notice that he filed NOAs from both of the IJ's decisions, the BIA stated that there was no record that he filed two NOAs.

---

[1] Stoddart also applied for deferral of removal under the CAT. However, because he has declined to pursue that claim, we need not discuss it.

[2] Judge Walter Durling presided over Stoddart's merits hearing, and Judge Andrew Arthur ruled on the motion to reopen and reconsider.

Stoddart has now filed a motion for stay of removal and a petition for review, both of which the Government opposes.

## II.

We have jurisdiction to review final orders of the BIA pursuant to 8 U.S.C. § 1252(a)(1). An order of removal generally becomes final upon: "(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B). Here, our jurisdiction is at issue because the BIA overlooked Stoddart's appeal from the IJ's March 24, 2014 order, and thus, a final order of removal may not exist.

The Government's opening brief concedes that the BIA erred by stating that Stoddart did not file an appeal from the IJ's March 24, 2014 order. And the Administrative Record shows that Stoddart did, in fact, file an NOA from that order and that the NOA was stamped "received" by the BIA on June 24th. (A.R. 341-343.) The Government argues, however, that the BIA's error was harmless because Stoddart's appeal from the March 24th order would have been dismissed as untimely, see 8 C.F.R. §§ 1003.3(a)(1); 1003.38(b), and states that an "untimely notice of appeal" does not "obviate the finality of a removal order." (Resp. Supp. Br. at 4-5.)

The Government is correct that the harmless error doctrine applies to immigration cases, but we do not agree that it applies here. See Huan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) (holding that the doctrine applies "when it is highly probably that the

4

error did not affect the outcome of the case"). We do take a broad view of what constitutes a "final order of removal," and have stated that an "order is final for jurisdictional purposes when a removability determination has been made that is no longer appealable to the BIA, regardless of whether a formal order of removal has been entered." Yusupov v. Att'y Gen., 518 F.3d 185, 195-96 (3d Cir. 2008). The language of Yusupov may suggest that there is a final order of removal in this case if the overlooked appeal was untimely. But whether it was untimely is an issue best addressed by the BIA. See Hoxha v. Holder, 559 F.3d 157, 163-64 (3d Cir. 2009). Accordingly, the reasonable fear and withholding of removal proceedings are not yet complete. See Ortiz-Alfaro v. Holder, 694 F.3d 955, 958 (9th Cir. 2012) ("[W]e hold that where an alien pursues reasonable fear and withholding of removal proceedings following the reinstatement of a prior removal order, the reinstated removal order does not become final until the reasonable fear of persecution and withholding of removal proceedings are complete.").

Further, we agree with the Government that, in general, we have jurisdiction over denials of motions to reopen. See Vakker v. Att'y Gen., 519 F.3d 143, 147 (3d Cir. 2008). However, the cases in which we have found jurisdiction over motions to reopen are those where either the IJ's underlying order was not appealed from, or where the BIA denied the motion to reopen or remand after it had already determined that the petitioner's appeal from the underlying order should be dismissed. See, e.g., Shardar v. Att'y Gen., 503 F.3d 308, 311 (3d Cir. 2007). Here, on the other hand, we are confronted

5

with the seemingly unique situation where the BIA has not acknowledged that an NOA was filed from an IJ's order denying an application for withholding of removal, but affirmed an IJ's later order denying a motion to reopen. We do not believe that, at this point, the BIA's decision affirming the denial of the motion to reopen constitutes a final order of removal.

Accordingly, we lack jurisdiction over the petition for review, as Stoddart's removability has not been finally adjudicated. As there is no final order of removal, we will dismiss Stoddart's petition for review for lack of jurisdiction, see Higgs v. Att'y Gen., 655 F.3d 333, 337-338 (3d Cir. 2011), and deny his motion for a stay of removal.