**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAYO OLUGBOYEGA OGUNBANKE, | No.    18-72596 |
| Petitioner, | Agency No. A024-195-380 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Tayo Olugboyega Ogunbanke, a native and citizen of Nigeria, petitions pro

se for review of the Board of Immigration Appeals ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the determination that a conviction is an aggravated felony, *Diego v. Sessions*, 857 F.3d 1005, 1011 (9th Cir. 2017), and we review for abuse of discretion the agency's conclusion that an offense constitutes a particularly serious crime, *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The agency did not err in concluding that Ogunbanke's conviction under 18 U.S.C. § 1029(a)(3) was an aggravated felony, where the offense involves fraud and Ogunbanke was ordered to pay restitution in excess of $450,000. *See* 8 U.S.C. § 1101(a)(43)(M)(i) (defining aggravated felony as including an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000"); *see also Nijhawan v. Holder*, 557 U.S. 29, 40-43 (2009) (concluding that "the monetary threshold applies to the specific circumstances surrounding an offender's commission of a fraud and deceit crime" and that the agency did not err by looking to sentencing-related materials to determine the amount of loss). Because Ogunbanke received a six-year sentence, the agency did not err in concluding that his offense was also a particularly serious crime that rendered him

ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B) (an applicant who has been convicted of an aggravated felony and sentenced to a term of imprisonment of at least five years "shall be considered to have committed a particularly serious crime"); *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1305 (9th Cir. 2015) (noting that an "aggravated felony" conviction resulting in a sentence of "at least 5 years" in prison constitutes a "particularly serious crime," rendering a non-citizen ineligible for withholding of removal). We reject as unsupported by the record Ogunbanke's contention that the BIA failed to consider his arguments concerning his conviction under 18 U.S.C. § 1029(a)(3).

Substantial evidence supports the agency's denial of deferral of removal under CAT because Ogunbanke failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Nigeria. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief). We reject as unsupported by the record Ogunbanke's contention that the agency failed to consider evidence or otherwise erred in its analysis of his claim.

The agency did not err or violate Ogunbanke's right to due process by not addressing his arguments concerning asylum. *See Ortiz-Alfaro v. Holder*, 694 F.3d 955, 956-57 (9th Cir. 2012) (explaining that, where a non-citizen subject to a reinstated removal order seeks relief, the IJ "can only consider the . . . application

for withholding of removal, not asylum"). Ogunbanke's contentions that the IJ or BIA otherwise violated due process fail. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) (requiring error to prevail on a due process claim).

We lack jurisdiction to review Ogunbanke's contentions concerning the final removal order entered on May 8, 2000. *See Villa-Anguiano v. Holder*, 727 F.3d 873, 877 (9th Cir. 2013) (the statutory reinstatement provision "specifically bars relitigation of the merits of the reinstated removal order").

We lack jurisdiction to review the BIA's denial of sua sponte reopening, where Ogunbanke has not raised a legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

Ogunbanke's arguments concerning his criminal convictions, the sentences imposed, and the effectiveness of counsel during his criminal proceedings are not properly before this court. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) (a collateral attack on a criminal conviction is not properly considered in a petition for review of a BIA decision).

To the extent Ogunbanke argues that he received ineffective assistance of counsel during immigration proceedings, we lack jurisdiction to consider the argument. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court

lacks jurisdiction to review claims not presented to the agency).  We also lack jurisdiction to consider his contentions concerning relief under former INA § 212(c), 8 U.S.C. § 1182(c), and adjustment of status.  *See id.*

**PETITION FOR REVIEW DENIED, in part; DISMISSED in part.**

18-72596