**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SORAYA RENDON,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>     Respondent. | No. 20-71443<br><br>Agency No. A077-631-058<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 28, 2021**
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and HUCK,*** District Judge.

Soraya Rendon, a native and citizen of Colombia, petitions for review of the

Immigration Judge's ("IJ") negative reasonable fear determination, rendering her

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

 *** The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

underlying reinstated removal order administratively final. *See Ortiz-Alfaro v. Holder*, 694 F.3d 955, 959 (9th Cir. 2012). The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Rendon argues that the IJ violated her due process rights by (1) failing to review de novo the asylum officer's negative reasonable fear determination and (2) either denying her the opportunity to present additional evidence in support of her case or failing "to develop further records" as to her experience of being mistreated and threatened by the Revolutionary Armed Forces of Colombia ("FARC"). We review de novo due process challenges to reasonable fear proceedings. *Zuniga v. Barr*, 946 F.3d 464, 466 (9th Cir. 2019) (per curiam).

With respect to Rendon's first due process argument, the IJ expressly stated that she reviewed de novo the asylum officer's determination and considered all of the evidence before her, and nothing in the record indicates to the contrary. *Cf. Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (noting that the IJ stated he considered all of the evidence and finding "no basis to assume" otherwise). For this reason, Rendon's claim that the IJ simply concurred with the officer, stating that the officer "reached a proper conclusion," is without merit. And, in any event, "an IJ's failure specifically to address all of the evidence and claims before him or

her (during the reasonable fear review proceedings) does not violate the alien's due process rights." *Id.* at 807.

We lack jurisdiction to consider Rendon's second due process argument because she failed to exhaust it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Contrary to Rendon's contention, during the reasonable fear review hearing, the IJ provided Rendon's counsel with an opportunity to elicit testimony. Yet he neither elicited testimony himself nor objected to the IJ's decision not to elicit testimony or further develop the record. Because Rendon had the opportunity to exhaust her second due process argument but did not, and because exhaustion is mandatory and jurisdictional, we cannot now consider this argument.

Finally, we review an IJ's reasonable fear determination for substantial evidence and remand if a reasonable adjudicator would be compelled to conclude to the contrary. *Bartolome*, 904 F.3d at 811. Substantial evidence supports the agency's determination that Rendon does not have a reasonable fear of persecution because there is no nexus between any past or future harm and a protected ground. Indeed, substantial evidence supports the conclusion that the FARC did not and would not target Rendon for any reason other than criminal extortion. Substantial evidence also supports the agency's determination that Rendon does not have a

reasonable fear of torture by or at the acquiescence of a public official.

**PETITION DENIED.**[1]

---

[1] Rendon's motion for a stay of removal pending the adjudication of her petition for review (Dkt. Nos. 1 and 5) is denied as moot.