**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALEJANDRO ORTIZ-ALFARO,

*Petitioner,*

v.

ERIC H. HOLDER Jr., Attorney
General,

*Respondent.*

No. 10-73057

Agency No.
A029-677-022

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
June 7, 2012—Seattle, Washington

Filed August 27, 2012

Before: Barry G. Silverman and Mary H. Murguia,
Circuit Judges, and Leslie E. Kobayashi,
District Judge.*

Opinion by Judge Murguia

*The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

---

**COUNSEL**

Stephen William Manning, Immigrant Law Group PC, Portland, Oregon, for the petitioner.

Monica Antoun; Jennifer A. Singer, Department of Justice, Washington, D.C., for the respondent.

---

**OPINION**

MURGUIA, Circuit Judge:

Petitioner Alejandro Ortiz-Alfaro ("Ortiz") seeks review of 8 C.F.R. § 208.31, arguing the regulation is unlawful because it precludes him from applying for asylum. The Government asks us to dismiss for lack of jurisdiction because the Department of Homeland Security ("DHS") is still considering whether Ortiz has a reasonable fear of persecution, which may permit Ortiz to apply for withholding of removal. We dismiss Ortiz's petition for lack of jurisdiction.

I

If an alien removed pursuant to a removal order subsequently reenters the United States illegally, the original removal order may not be executed against him again unless it is reinstated by an authorized official. *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 487 (9th Cir. 2007) (en banc). Before DHS can remove an alien pursuant to a reinstated removal

order, DHS must comply with procedures set forth in 8 C.F.R. §§ 241.8(a) and (b). *See Galindo-Romero v. Holder*, 640 F.3d 873, 877 (9th Cir. 2011). First, under 8 C.F.R. § 241.8(a), an immigration officer must "(1) obtain the prior order related to the alien, (2) confirm that the alien under consideration is the same alien who was previously removed or voluntarily departed, and (3) confirm that the alien unlawfully reentered the United States." *Lin v. Gonzales*, 473 F.3d 979, 983 (9th Cir. 2007). Per 8 C.F.R. § 241.8(b), the officer must then give the alien written notice of his determination that the alien is subject to removal and provide him with an opportunity to make a statement contesting the determination. *See id.* If these requirements are met, the alien "shall be removed" under the prior removal order. 8 C.F.R. § 241.8(c).

However, § 241.8(e) creates an exception by which an alien who asserts "a fear of returning to the country designated" in his reinstated removal order is "immediately" referred to an asylum officer who must determine if the alien has a reasonable fear of persecution or torture in accordance with 8 C.F.R. § 208.31.[1] If the officer decides that the alien does have a reasonable fear of persecution or torture, the case is referred to an immigration judge ("IJ") "for full consideration of the request for withholding of removal only." 8 C.F.R. § 208.31(e).

---

[1]The regulations envision that an alien like Ortiz who illegally reenters the country could nevertheless be eligible for withholding of removal and relief under the Convention Against Torture if he is able to establish a reasonable fear of persecution or torture if he were removed to Mexico. 8 C.F.R. § 241.8(e). The removal statute, however, says that an alien who illegally reenters "is not eligible and may not apply for any relief under this chapter," 8 U.S.C. § 1231(a)(5), which would seem to include withholding of removal. The Government's position is that the Convention Against Torture nevertheless constrains the Attorney General from removing aliens to countries where they would be persecuted or tortured, notwithstanding the statute. We assume without deciding that Ortiz is not statutorily precluded from receiving these forms of relief despite his illegal reentry.

On the other hand, where the asylum officer decides that the alien has not established a reasonable fear of persecution or torture, the alien may appeal the asylum officer's determination to an IJ. 8 C.F.R. § 208.31(g). If the IJ agrees with the officer's negative fear determination, the case is "returned to the Service for removal." 8 C.F.R. § 208.31(g)(1). The regulations do not provide any means for the alien to appeal the IJ's decision regarding a reasonable fear of persecution to the Board of Immigration Appeals ("BIA"). If, however, the IJ disagrees with the officer's determination and decides that the alien has established a reasonable fear, the alien can file an "Application for Asylum and Withholding of Removal," though the IJ can only consider the alien's application for withholding of removal, not asylum. 8 C.F.R. § 208.31(g)(2). Either party can seek BIA review of the IJ's decision to grant or deny withholding of removal. 8 C.F.R. § 208.31(g)(2)(ii). The regulations provide no means by which an alien with a reinstated removal order may apply for asylum. According to the Government, DHS cannot execute a reinstated removal order until the reasonable fear proceedings are complete.

II

Ortiz is a Mexican national who first entered the United States in 1989. An IJ ordered Ortiz removed to Mexico on March 1, 2001. That same day, Ortiz was deported and reentered the United States. On September 7, 2010, DHS issued Ortiz a "Notice of Intent/ Decision to Reinstate Prior Order," Form I-871, which reinstated his 2001 removal order.

Because Ortiz asserted a fear of persecution and torture if returned to Mexico, a reasonable fear screening was held before an asylum officer, in accordance with 8 C.F.R. § 208.31(b). After the asylum officer found that Ortiz had not established a reasonable fear of persecution or torture, Ortiz requested that an IJ review the officer's reasonable fear determination. Review of the asylum officer's determination by an IJ has yet to take place.

Soon after the asylum officer issued his determination finding that Ortiz had not established a reasonable fear of persecution, Ortiz filed this petition, arguing that the reinstatement regulations are unlawful because they preclude him from seeking asylum.

## III

**[1]** Before we can decide the merits of Ortiz's challenge to the regulations, we must determine whether we have jurisdiction over his petition for review. "The carefully crafted congressional scheme governing review of decisions of the BIA limits this court's jurisdiction to the review of final orders of removal," "even where a constitutional claim or question of law is raised." *Alcala v. Holder*, 563 F.3d 1009, 1013, 1016 (9th Cir. 2009); *see* 8 U.S.C. § 1252(a)(1). An "order of removal" is an administrative order concluding that an alien is removable or ordering removal, such as a reinstated removal order. § 1252(a)(1). The parties dispute whether Ortiz's reinstated removal order is final.

Finality is defined by 8 U.S.C. § 1101(a)(47), which states that removal orders become final "upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." However, this statutory definition of finality does not dictate a clear answer here because there is no way to appeal the reinstatement of a removal order to the BIA. *See generally* 8 C.F.R. § 241.8.

There are compelling arguments in favor of finding that Ortiz's reinstated removal order is final even though DHS is still in the process of deciding whether Ortiz should be removed from the United States. DHS has completed all the procedures necessary to reinstate Ortiz's 2001 removal order, which distinguishes this case from *Alcala* and *Galindo-Romero*. In both *Alcala*, 563 F.3d at 1012-13, and *Galindo-Romero*, 640 F.3d at 879, we dismissed for lack of jurisdic-

tion because DHS had not yet carried out the procedures required by 8 C.F.R. § 241.8(a) and (b) to reinstate a prior removal order. Additionally, resolving the issues presented by Ortiz's petition for review will not undermine the reinstatement of the removal order, as Ortiz has not challenged the validity of the reinstatement or the underlying prior removal order. Moreover, any future decision by an IJ that grants or denies Ortiz relief will have no effect on the reinstatement of Ortiz's 2001 removal order.

**[2]** Concluding that the reinstated removal order is final, however, would make it impossible for Ortiz to timely petition for review of any IJ decisions denying him relief or finding that he does not have a reasonable fear. The point at which a removal order becomes final is critical for the purposes of timely petitioning for judicial review. A "petition for review must be filed no later than thirty days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). This filing deadline is mandatory and jurisdictional. *Magtanong v. Gonzales*, 494 F.3d 1190, 1191 (9th Cir. 2007). If Ortiz's removal order became final when it was reinstated, then the thirty-day deadline for a petition for review would have expired in October 2010. All petitions filed by Ortiz after October 2010, which would necessarily include petitions for review of any yet-to-be-issued IJ decisions denying Ortiz relief or finding that he lacks a reasonable fear of persecution, would be dismissed as untimely. "[B]ecause the Suspension Clause 'unquestionably' requires 'some judicial intervention in deportation cases,' " depriving Ortiz the opportunity for judicial review of a determination that he lacks a reasonable fear of persecution could raise serious constitutional concerns. *Lolong v. Gonzales*, 484 F.3d 1173, 1177 (9th Cir. 2007) (en banc) (quoting *INS v. St. Cyr*, 533 U.S. 289, 300 (2001)). In order to preserve judicial review over petitions challenging administrative determinations made pursuant to 8 C.F.R. § 208.31(e) or (g), we hold that where an alien pursues reasonable fear and withholding of removal proceedings following the reinstatement of a prior removal order, the reinstated

removal order does not become final until the reasonable fear of persecution and withholding of removal proceedings are complete.

Our decision comports with other cases where we recently considered when a removal order becomes final in different contexts than the one presented here. In *Li v. Holder*, we held that we had jurisdiction to review a BIA decision affirming the denial of asylum and remanding for the IJ to complete background checks required for withholding of removal. 656 F.3d 898, 904 (9th Cir. 2011). In *Li*, the Government argued that the removal order was not final and that we lacked jurisdiction to decide the petitioner's asylum claim because the BIA had remanded to the IJ for the completion of background checks. *Id*. at 901. We disagreed and held that the BIA's order dismissing the appeal of the asylum claim was "necessarily a final order" because the petitioner's asylum claim was decided by the BIA on the merits and would not be at issue on remand. *Id*. at 904.

We have also held that, where the BIA affirms the denial of one form of relief but remands for further consideration of alternative relief, there is no final order of removal until the BIA rejects the last form of relief. *Go v. Holder*, 640 F.3d 1047, 1051-52 (9th Cir. 2011). In *Go*, the BIA affirmed the IJ's denial of asylum and withholding of removal in May 2005, but remanded for further proceedings regarding relief under the Convention Against Torture ("CAT"). *Id*. at 1050. In March 2006, the BIA issued a second decision rejecting the petitioner's CAT claim. *Id*. at 1051. The petitioner then appealed the BIA's May 2005 and March 2006 decisions to this Court in a single petition. *Id*. We concluded that we had jurisdiction to review the May 2005 decision even though the petitioner did not seek review of that decision until after the thirty-day deadline for petitioning for review of a final removal order. *Id*. We reasoned that the removal order did not become final until March 2006, when the BIA rejected the final form of relief—the CAT claim. *Id*. at. 1051-52. We

explained that, while the BIA's May 2005 decision was the final administrative order with respect to the asylum and withholding of removal claims, it was not a final order because it left open the possibility that the alien would receive CAT relief and never have to leave the country. *Id.* at 1051-52 ("Go's final order of removal is contingent, at least in part, on the denial of his claim for asylum, his withholding claim, and his claim pursuant to the CAT.").

*Go* appears to be at odds with *Li* because *Go* held that there was no final removal order until all forms of relief were denied while *Li* held that the final removal order was not contingent on the denial of all forms of relief. Nevertheless, in both cases all administrative proceedings had concluded at the time we decided that we had jurisdiction. Even in *Li*, where the petition for review was originally filed while the background checks were pending, by the time we issued our decision, DHS had successfully completed the background checks and the IJ had filed documentation confirming the grant of withholding of removal. *See* 656 F.3d at 899. In contrast, Ortiz's reasonable fear screening is still ongoing. As long as administrative proceedings are ongoing in Ortiz's case, his reinstated removal order is not final. Accordingly, we lack jurisdiction to consider Ortiz's challenge to the regulations.

As the Government stated at oral argument, dismissing for lack of jurisdiction will not prevent Ortiz from obtaining judicial review of his challenge to the regulations because he can present this claim again after DHS completes the reasonable fear and/or withholding of removal proceedings. If the IJ determines that Ortiz does not have a reasonable fear of persecution, Ortiz will have no further recourse under 8 C.F.R. § 208.31, and may petition for review of the regulations at that time. If the IJ disagrees with the asylum officer's determination that Ortiz has not shown a reasonable fear of persecution, Ortiz will be able to challenge the regulations after the IJ issues a decision denying or granting relief.

**[3]** Construing Ortiz's reinstated removal order to be a final order of removal will deprive him of the ability to timely petition for review of administrative determinations regarding his reasonable fear of persecution or torture and his eligibility for relief. Because DHS has not completed all proceedings pursuant to 8 C.F.R. § 208.31 that will determine whether or not Ortiz will be removed, we lack jurisdiction to review Ortiz's petition.

**DISMISSED for lack of jurisdiction.**