**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDUARDO CORONADO-OLEA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 11-73632 <br><br> Agency No. A073-391-400 <br><br> MEMORANDUM[*] |
| EDUARDO CORONADO-OLEA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 12-70571 <br><br> Agency No. A073-391-400 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 10, 2014[]
San Francisco, California

Before: NOONAN, NGUYEN, and WATFORD, Circuit Judges.

Eduardo Coronado-Olea petitions for review of the Department of Homeland Security's ("DHS") reinstatement of a prior order of removal. Following Coronado-Olea's petition for review but prior to the submission of this case, the government vacated and rescinded its decision to reinstate the prior order of removal. It has since filed a superseding Notice of Intent/Decision to Reinstate Prior Order,[1] notified Coronado-Olea's counsel of the vacatur of the reinstatement decision, and served notice on the head of the facility in which Coronado-Olea is currently detained. Consequently, no reviewable final order of removal exists, and we lack jurisdiction to consider Coronado-Olea's petitions. *See* 8 U.S.C. § 1252(a)(1), (g); *see also Ortiz-Alfaro v. Holder*, 694 F.3d 955, 957 (9th Cir. 2012) ("The carefully crafted congressional scheme governing review of decisions of the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Although Coronado-Olea argues to the contrary, we do not find it problematic that the superseding Notice of Intent/Decision to Reinstate Prior Order lacks a signature in the decisional portion of the form. This simply signals DHS's *intent* to reinstate the prior order of removal without indicating a decision on the matter. Moreover, Coronado-Olea cites no case law for the proposition that the superseding Notice of Intent/Decision to Reinstate Prior Order must be final in order to vacate the prior order of removal.

BIA limits this court's jurisdiction to the review of final orders of removal, even where a constitutional claim or question of law is raised." (quoting *Alcala v. Holder*, 563 F.3d 1009, 1013, 1016 (9th Cir. 2009)) (internal quotation marks omitted)).

**DISMISSED.**