**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10195 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01343-DGC-1 |
| v. | |
| ARMANDO HERNANDEZ-MORALES, AKA Alvaro Hernandez, AKA Armando Hernandez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted June 11, 2014
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

Defendant Armando Hernandez-Morales appeals his conviction and sentence under 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court properly found that the 2007 predicate removal was valid under § 1326(d) because Hernandez-Morales failed to show that he was deprived of judicial review in 2007. The 2007 predicate removal was a reinstatement of the 2001 Administrative Order and did not rely in any way on the defective 2006 removal. As a result, Hernandez-Morales was not entitled to further review in 2007 unless he challenged the 2007 proceedings themselves or made a fear-of-persecution claim in 2007.

DHS did not deprive Hernandez-Morales of the opportunity for judicial review in 2007. DHS obtained the 2001 Administrative Order, confirmed that Hernandez-Morales was the same alien who was previously removed, confirmed that Hernandez-Morales unlawfully reentered the United States, and gave Hernandez-Morales written notice of the determination that he was subject to removal. *See Ortiz-Alfaro v. Holder*, 694 F.3d 955, 956 (9th Cir. 2012). Hernandez-Morales then indicated that he did not wish to contest this determination and signed an affidavit stating that he did not have any fear of returning to Mexico. Because Hernandez-Morales has failed to show that he was deprived of judicial review in the 2007 proceedings, he cannot collaterally attack the 2007 predicate removal. 8 U.S.C. § 1326(d); *see also United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1126 (9th Cir. 2013).

2

**AFFIRMED.**