**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL SANCHEZ GOMEZ, AKA Sergio E. Meza, | No. 13-74028 |
| Petitioner, | Agency No. A077-197-850 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Immigration Judge's Decision

Argued and Submitted March 9, 2016
Pasadena, California

Before: CLIFTON and IKUTA, Circuit Judges, and BLOCK,[**] Senior District Judge.

Manuel Sanchez-Gomez appeals the Immigration Judge's (IJ) determination

under 8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution

or torture. We have jurisdiction under 8 U.S.C. § 1252, *see Villa-Anguiano v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

*Holder*, 727 F.3d 873, 875 (9th Cir. 2013); *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012), and review the IJ's factual determinations for substantial evidence, *see Andrade-Garcia v. Lynch*, — F.3d — (9th Cir. 2016).

Substantial evidence supports the IJ's conclusion that Sanchez-Gomez failed to establish a reasonable possibility of future persecution on account of a protected ground, *see* 8 C.F.R. § 1208.31(c), because the evidence demonstrates that the kidnappers targeted Sanchez-Gomez based on his perceived wealth, which "will not support a finding of persecution within the meaning of the [INA]," *In re S-V-*, 22 I. & N. Dec. 1306, 1310 (B.I.A. 2000).

Substantial evidence also supports the conclusion that Sanchez-Gomez failed to demonstrate a reasonable possibility of torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (emphasis omitted) (quoting 8 C.F.R. § 208.18(a)(1)). No evidence here demonstrates that a government official had "awareness of [torturous] activity and thereafter breach[ed] his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 208.18(a)(7). Evidence that a government has been generally ineffective in investigating or preventing crime does not suffice to show acquiescence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2013).

We also deny Sanchez-Gomez's motion for judicial notice of newspaper articles that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION DENIED.**