NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 19-1158 & 19-2086

JOSE OLVIN CRUZ,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge: Nelson Vargas Padilla
(Agency No. A200-120-477)

Submitted Under Third Circuit L.A.R. 34.1(a)
April 14, 2020

Before: AMBRO, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: April 22, 2020)

OPINION*

AMBRO, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Jose Olvin Cruz seeks review of two decisions: (1) a Department of Homeland Security ("DHS") order reinstating a prior order of removal, and (2) a decision of the Immigration Judge ("IJ") affirming an asylum officer's determination that Olvin Cruz did not demonstrate a reasonable fear of persecution or torture that would warrant a full hearing on the merits of his claims for withholding of removal or protection under the Convention Against Torture ("CAT"). No. 19-2086 EOIR A.R. 2, 54.[1] For the reasons stated below, we must deny his petitions for review.

## I. Facts and Procedural History

### A. Background

Olvin Cruz is a native of Honduras. He entered the United States in 2005 and was apprehended at the border. During an interview with an immigration official, Olvin Cruz expressed no fear of being harmed if he returned to Honduras. He was served with an expedited removal order and removed to Honduras in 2005.

Thereafter, Olvin Cruz reentered the United States on an unknown date without being inspected, admitted, or paroled. In 2014, he was convicted for disorderly conduct stemming from a fight in the street. No. 19-2086 DHS A.R. 30. DHS detained Olvin Cruz in December 2018 and reinstated the 2005 order of removal. He then filed a petition for review in No. 19-1158.

---

[1] Four records have been filed for the two consolidated cases. In each case two records were filed—one each from the Executive Office for Immigration Review ("No. 19-2086 EOIR A.R." and "No. 19-1158 EOIR A.R.") and from DHS ("No. 19-2086 DHS A.R." and "No. 19-1158 DHS A.R.").

**B. Reinstated Removal Proceedings and Reasonable Fear Interview**

On March 6, 2019, Olvin Cruz had a reasonable fear interview with an asylum officer, during which he expressed a fear of harm from MS-13 gang members in Honduras. He stated that gang members had not threatened or harmed him but that they had killed three of his relatives. In 2012, gang members killed one of his cousins as the cousin was leaving a bar because of jealousy over a woman. In 2014, another cousin and that cousin's father, who both worked in a mayor's office in Honduras, were kidnapped and killed after they shut off the water supply for some gang members in the course of their employment. Olvin Cruz stated that nobody else in his family had been harmed by gangs, but he believed he would be targeted if he returned to Honduras because he would be returning from the United States and because he was a member of a well-known family. No. 19-2086 EOIR A.R. 27–38.

The asylum officer determined that Olvin Cruz failed to establish a reasonable fear of persecution or torture, noting that his fear of harm was "not on account of a protected characteristic" and that he failed to show that gang members were inclined to kill members of his family on account of their membership in the particular social group defined as "immediate members of" his family. No. 19-2086 EOIR A.R. 25. He invoked his right to have an IJ review the asylum officer's determination, and DHS referred the case to an IJ.

Two weeks later, the IJ conducted a hearing during which Olvin Cruz testified. At the close of the hearing, the IJ acknowledged Olvin Cruz's fear of harm and found him credible, but concluded that he did not establish that his fear of harm was related to a

3

protected ground, specifically his race, religion, nationality, membership in a particular social group, or political opinion. The IJ acknowledged that Olvin Cruz's relatives had been harmed by gang members but found that the motivation for the attacks appeared to stem from the relatives' run-ins with gangs, for example over water supply, and not from a specific animus towards the family. Accordingly, the IJ affirmed the asylum officer's reasonable fear determination. The IJ determined that Olvin Cruz "did not show a nexus or a possibility of torture" and concluded that his relatives "were not targeted" on account of a protected ground. No. 19-2086 EOIR A.R. 2. Olvin Cruz then filed a petition for review in No. 19-2086.

## II. Discussion[2]

We have not decided what standard of review applies to an IJ's negative reasonable fear determination.[3] The Ninth Circuit has held that negative reasonable fear

---

[2] We have jurisdiction to review the IJs' reasonable fear determination under 8 U.S.C. § 1252(a)(1).

[3] Where a petitioner whose prior removal order has been reinstated "expresses a fear of returning to the country of removal," he is first screened through an interview by an asylum officer "to determine whether the alien has a reasonable fear of persecution or torture" and whether he is thus eligible for full consideration of his potential claim for non-return or protection against torture. 8 C.F.R. §§ 208.31(a)–(c), 241.8(e). To establish a reasonable fear, the alien must show that there is a "reasonable possibility" that he would be persecuted or tortured in the country of removal. 8 C.F.R. § 208.31(c). If the asylum officer determines that the alien has a reasonable fear of persecution or torture, he must refer the alien to an IJ "for full consideration" of the alien's eligibility for statutory withholding of removal and CAT protection. 8 C.F.R. § 208.31(e). Those proceedings are then conducted "in accordance with the provisions of § 208.16" and are subject to the jurisdiction of the BIA and circuit courts. 8 C.F.R. § 208.31(e); *see Ortiz-Alfaro v. Holder*, 694 F.3d 955, 956–59 (9th Cir. 2012). However, if the asylum officer determines that the alien does not have a reasonable fear, the alien is "afforded the opportunity for an expeditious review of the negative screening determination by an [IJ]." Regulations Concerning the Convention Against Torture, 64 Fed. Reg. 8478-01, 8485 (Feb. 19,

4

determinations should be reviewed for substantial evidence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016); *cf. Telles v. Lynch*, 639 F. App'x 658, 661–62 (1st Cir. 2016) (declining to decide what standard of review applied to a reasonable fear determination because petitioner's claim lacked merit under any standard of review). The Government argues that a reasonable fear determination is merely a threshold agency assessment, not equivalent to an agency decision denying an alien's application for relief or protection, and that accordingly we should review the IJ's determination under the deferential "facially legitimate and bona fide reason" standard first announced in *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972).

We need not decide which standard of review applies because, even if we review for substantial evidence, the record does not compel an outcome in Olvin Cruz's favor. There is no indication that a statutorily protected ground was or would likely be a reason for any persecution. *See Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684–85 (3d Cir. 2015); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 346–48 (BIA 2010). Olvin Cruz's evidence reveals that his three relatives who were harmed by gang members were targeted based on personal disputes and not based on any familial relationship. And a general fear concerning prevalent gang activity, without more, does not establish eligibility for withholding of removal. *See Shehu v. Att'y Gen.*, 482 F.3d 652, 657 (3d

___

1999); *see also* 8 C.F.R. § 1208.31(f)–(g). If the IJ reverses the asylum officer's determination, he then proceeds to determine the alien's eligibility for statutory withholding of removal and CAT protection, and that decision is subject to review. 8 C.F.R. § 1208.31(g)(2). But where, as here, the IJ "upholds the negative screening determination, the alien may be removed without further [administrative] review." 64 Fed. Reg. at 8485; 8 C.F.R. § 1208.31(g)(1); *Ortiz-Alfaro*, 694 F.3d at 957, 959.

5

Cir. 2007) (holding that mistreatment resulting from gang's bare desire for money is not persecution on account of a protected ground); *Abdille v. Ashcroft*, 242 F.3d 477, 494–95 (3d Cir. 2001) (holding that ordinary criminal activity is not persecution).  To the extent Olvin Cruz fears harm on account of his status as a returnee from the United States, those fears do not raise a claim for relief from removal.  *See Bonilla v. Sessions*, 891 F.3d 87, 92–93 (3d Cir. 2018) (citing *Khan v. Att'y Gen.*, 691 F.3d 488, 498 (3d Cir. 2012) (rejecting as "too amorphous" a proposed social group of "secularized and westernized Pakistanis perceived to be affiliated with the United States")); *Valdiviezo–Galdamez v. Att'y Gen.*, 663 F.3d 582, 589 (3d Cir. 2011) (holding that members of a particular social group must "share a common, immutable characteristic that group members either cannot change or should not have to change because the characteristic is fundamental").

There is also no evidence compelling the conclusion that Olvin Cruz will be tortured in Honduras.  He admitted that he was never harmed or threatened by gang members or anyone else in Honduras, and he made no showing that he would likely be targeted for harm if he returns to his home country.  *See Zubeda v. Ashcroft*, 333 F.3d 463, 478 (3d Cir. 2003) (stating that reports of generalized brutality within a country do not, in the absence of additional evidence, allow an alien to sustain his burden under the CAT); *see also Denis v. Att'y Gen.*, 633 F.3d 201, 218 (3d Cir. 2011) (stating that a petitioner's "chain of assumptions" and fear regarding what might happen to him is insufficient to meet the more likely than not standard for CAT protection).  Thus, under any review standard we would affirm the IJ's reasonable fear determination.

\* \* \* \* \*

Accordingly, we deny Olvin Cruz's petition for review.