NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REYNALDO JAIR ANDRE CONDORI-QUIROZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-70301 <br><br> Agency No. A209-421-644 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2022**
San Francisco, California

Before: WALLACE, W. FLETCHER, and SANCHEZ, Circuit Judges.

Reynaldo Jair Andre Condori-Quiroz (Condori-Quiroz) petitions for review

of an Immigration Judge's (IJ) concurrence with a Department of Homeland

Security (DHS) asylum officer's negative reasonable fear determination, and of the

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

DHS's decision to execute Condori-Quiroz's reinstated removal order. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

## I.

An alien seeking relief from a reinstated removal order must demonstrate "a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal." 8 C.F.R. § 1208.31(c) (2019); *see also Bartolome v. Sessions*, 904 F.3d 803, 807–09 (9th Cir. 2018). We review the IJ's determination for substantial evidence, meaning that "[t]o reverse the [IJ], we must determine that the evidence not only *supports* a contrary conclusion, but *compels* it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief." *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (internal quotation marks, brackets, and citation omitted); *see also* 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the IJ's determination that a protected ground was not a reason motivating the threats or threatened harms alleged by Condori-Quiroz. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010) (denying petition for review where migrant "did not present evidence that the bandits targeted his family on account of a protected ground" but on account of the family's "farm [being] on fertile land"); *accord Barajas-Romero v. Lynch*, 846

2

F.3d 351, 359–60 (9th Cir. 2017). Furthermore, no evidence compels the conclusion that the Peruvian government was, or would be, unwilling or unable to stop Condori-Quiroz's uncle from threatening or harming him, as he appeared to allege. *See Truong v. Holder*, 613 F.3d 938, 940–41 (9th Cir. 2010) (per curiam). Substantial evidence supports the IJ's determination that Condori-Quiroz lacked a reasonable fear of persecution.

For similar reasons, substantial evidence supports the IJ's determination that Condori-Quiroz lacked a reasonable fear of torture, as torture must entail severe harm inflicted by or with the consent or acquiescence of a public official. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183, 1185–86 (9th Cir. 2020); 8 C.F.R. §§ 1208.16(c)(1), 1208.18(a) (2019).

## II.

Condori-Quiroz was removed before he petitioned our court. Condori-Quiroz argues his removal was unlawful because his reinstated removal order was not final or should have been stayed until the period for filing his petition had passed.[1] We have jurisdiction under 8 U.S.C. § 1252 to consider Condori-Quiroz's challenge. *See Garcia de Rincon v. DHS*, 539 F.3d 1133, 1137–38 (9th Cir. 2008)

---

[1] Condori-Quiroz does not challenge his prior removal order nor its reinstatement, and neither party questions our jurisdiction to hear his petition despite his removal. We have jurisdiction. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 935–36 (9th Cir. 2016) (per curiam).

(explaining that § 1252(a)(2)(D) vests this court with jurisdiction to address questions of law raised in the context of reinstated removal orders); *cf. Arce v. United States*, 899 F.3d 796, 799–801 (9th Cir. 2018) (per curiam) (holding § 1252(g) does not strip this court of jurisdiction where the government "lacks the discretion to effectuate a removal order").

Condori-Quiroz's reinstated removal order was final. Where, as here, "the immigration judge concurs with the asylum officer's determination that the alien does not have a reasonable fear of persecution or torture, the case shall be returned to [DHS] for removal of the alien." 8 C.F.R. § 1208.31(g)(1) (2019). This completes the agency proceedings and makes the order final. *See id.*; *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958–60 (9th Cir. 2012). Further, no stay barred his order's execution. Condori-Quiroz did not ask our court for a stay and no automatic stay applied. *See Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (per curiam).

**PETITION DENIED**.