NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE REYNOSO PEREZ, AKA Jose
Eduardo Reynoso Perez Najera,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.  20-72326

Agency No. A205-970-682

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 9, 2023**
Pasadena, California

Before:  WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Jose Reynoso Perez, a native and citizen of Mexico, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") upholding the Immigration

Judge's ("IJ") denial of his claims for relief under the Convention Against Torture

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Reynoso Perez also challenges the Final Administrative Removal Order that initiated removal proceedings under 8 U.S.C. § 1228(b). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

1. Reynoso Perez argues that the entire removal proceeding is void for lack of jurisdiction because the Notice of Intent that "commence[d]" removal proceedings, 8 C.F.R. § 238.1(b)(2)(i), and the subsequent Final Administrative Removal Order failed to comply with agency regulations and therefore "lack[] legal effect." But nothing in the statute or regulations suggests that the regulations the agency allegedly violated are jurisdictional. *See* 8 U.S.C. § 1228(b)(4); 8 C.F.R. § 238.1(b)(2); *cf. United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191 (9th Cir. 2022) (en banc) ("[T]he Supreme Court 'has long rejected the notion that all mandatory prescriptions, however emphatic, are properly typed jurisdictional.'" (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 146 (2012))).

Reynoso Perez next argues that the alleged violations, even if not

---

[1] After this case was submitted, the Government filed a 28(j) letter notifying us of a recent Second Circuit decision, *Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 189-93, 196-97 (2d Cir. 2022), which held that, pursuant to *Nasrallah v. Barr*, 140 S. Ct. 1683 (2020), decisions made during a withholding-only proceeding are not final orders of removal subject to judicial review. Our court held otherwise in *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012). Because "the jurisdictional issue is complex, but the claim asserted clearly lacks merit," we decline to consider whether *Ortiz-Alfaro* is good law after *Nasrallah*, assume without deciding that we have statutory jurisdiction, and deny the petition on the merits. *De La Rosa-Rodriguez v. Garland*, 49 F.4th 1282, 1291 (9th Cir. 2022). The Government agrees that this approach is appropriate here.

jurisdictional, warrant relief. But whether his challenge is framed in constitutional or regulatory terms, Reynoso Perez must demonstrate how he was prejudiced by the alleged error. *See Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018) ("As a general rule, an individual may obtain relief for a due process violation only if he shows that the violation caused him prejudice, meaning the violation potentially affected the outcome of the immigration proceeding."); *United States v. Calderon-Medina*, 591 F.2d 529, 531 (9th Cir. 1979) ("Violation of a regulation renders a deportation unlawful only if the violation prejudiced interests of the alien which were protected by the regulation."). Reynoso Perez has not done so here, as he does not dispute that he is a non-citizen lacking permanent resident status who has been convicted of an "aggravated felony," making him presumptively removable under the statute. *See* 8 U.S.C. § 1228(b), (c); *Gomez-Velazco*, 879 F.3d at 991. Moreover, Reynoso Perez does not allege that any purported violations prevented him from collaterally challenging the removal order by requesting withholding of removal due to a fear of returning to Mexico. Indeed, he did just that, albeit unsuccessfully.

2. Turning to his application for protection under the CAT, substantial evidence supports the IJ's conclusion, adopted by the BIA, that Reynoso Perez failed to show that it is more likely than not that he would be tortured if returned to Mexico. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Contrary

3

to Reynoso Perez's argument, the IJ considered the aggregate effect of all his evidence—including his propensity to suffer seizures—in concluding that Reynoso Perez did not satisfy the CAT's demanding standard for relief. The record does not compel the contrary conclusion. Although Reynoso Perez points to incidents in which his family members were the victims of violence, the record does not compel the conclusion that Reynoso Perez is more likely than not to face torture upon his return. His arguments accordingly collapse into a fear of generalized violence, crime, and corruption, which is not sufficient to warrant relief under the CAT. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).[2]

The temporary stay of removal remains in place until the mandate issues. Reynoso Perez's motion for a stay of removal (Dkt. No. 57) is otherwise denied.

**PETITION DENIED.**

---

[2] *Guerra v. Barr*, 974 F.3d 909 (9th Cir. 2020), does not help Reynoso Perez. There, the IJ found that, based on extensive record evidence, the petitioner would more likely than not be harmed by police or government officials working in psychiatric institutions in Mexico. *Id.* at 911. We held that the IJ had not clearly erred in reaching that conclusion on the record before it. *Id.* at 912. The IJ did not make a similar finding here. Moreover, Reynoso Perez does not argue that he is likely to be placed in a psychiatric institution in Mexico.