**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARLON DIAZ-SALGADO,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   21-79

Agency No. A201-290-558

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 17, 2023
Submission Vacated March 23, 2023
Resubmitted September 14, 2023
Pasadena, California

Before: PAEZ, MILLER, and VANDYKE, Circuit Judges.

      Petitioner Marlon Diaz-Salgado seeks review of a Board of Immigration

Appeals (BIA) decision affirming the denial by the Immigration Judge (IJ) of

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

withholding of removal or deferral of removal under the Convention Against Torture (CAT).

After briefing was completed, the government filed a notice of supplemental authorities contending that we lack jurisdiction over the petition because the petition was filed on May 17, 2021, "more than thirty days after [Diaz-Salgado's] reinstatement order was issued on February 18, 2018." The government argues that recent Supreme Court precedent—specifically, *Nasrallah v. Barr*, 140 S. Ct. 1683 (2020), and *Johnson v. Guzman Chavez*, 141 S. Ct. 2271 (2021)—undermines our previous rule that a "reinstated removal order does not become final until the reasonable fear of persecution and withholding of removal proceedings are complete." *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012). We recently decided that our old rule remains valid following these recent Supreme Court decisions. *See Alonso-Juarez v. Garland*, No. 15-72821, slip op. at 3–4 (9th Cir. Sept. 8, 2023). Because Diaz-Salgado filed his petition for review within thirty days after the BIA affirmed the IJ's denial of withholding and other relief, his petition is timely and we have jurisdiction under 8 U.S.C. § 1252. *Id.*

Reaching the merits, we deny the petition. "Given the BIA's summary affirmance, we review the IJ's decision as if it were the BIA's decision." *Zheng v. Ashcroft*, 397 F.3d 1139, 1143 (9th Cir. 2005) (citation omitted). We review the agency's decision under the highly deferential substantial evidence standard of

review. *See Rodriguez-Ramirez v. Garland,* 11 F.4th 1091, 1093 (9th Cir. 2021) (per curiam). Under substantial evidence, the agency's findings of fact are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quotation omitted). We review de novo questions of law. *Regalado-Escobar v. Holder*, 717 F.3d 724, 726–27 (9th Cir. 2013).

The IJ denied withholding of removal because the harm Diaz-Salgado suffered and feared from the gang members lacked a nexus to a protected ground. An applicant for withholding relief must show a nexus between a protected ground and a past or feared future harm. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017). Substantial evidence supports the agency's finding that neither Diaz-Salgado's past harm nor his fear of future harm bears a nexus to a protected ground. *See Ruiz-Colmenares*, 25 F.4th at 748. The IJ reasonably found his past harms were a result of generalized violence and not related to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Diaz-Salgado claims that the IJ mischaracterized his proposed particular social group. But the IJ found that there was no nexus to *any* protected ground. So even assuming the IJ mischaracterized the proposed social group, the record would not compel the conclusion that Diaz-Salgado was harmed, or likely would be

3

harmed, because of a protected ground. *See Ruiz-Colmenares*, 25 F.4th at 748. Accordingly, the IJ's denial of withholding was supported by substantial evidence.

The IJ denied CAT protection because Diaz-Salgado failed to show that he would suffer "future harm from the [gang] … with the consent or the acquiescence of the Salvadoran government." In deciding a CAT claim, an IJ must determine whether the petitioner "is more likely than not to be tortured in the country of removal." 8 C.F.R. § 1208.16(c)(4). An "essential element" in determining whether a petitioner is eligible for CAT relief is whether the petitioner would likely suffer torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official … or other person acting in an official capacity." *B.R. v. Garland*, 26 F.4th 827, 844–45 (9th Cir. 2022) (quoting 8 C.F.R. § 208.18). The record indicates that the police in Victoria helped Diaz-Salgado and the police in Ocotillo accepted Diaz-Salgado's reports at least twice without hurting him. Substantial evidence supports the agency's finding that Diaz-Salgado did not establish that he would suffer future torture with the consent or acquiescence of the Salvadoran government.

Diaz-Salgado also argues that the IJ denied him statutory and Fifth Amendment due process, but he did not exhaust those arguments by presenting them to the BIA. Although he argued to the BIA that the IJ erred in analyzing the evidence, "[p]ointing to the entirety of the testimony"—or worse here, the entirety of the record—"does not … put the BIA on notice as to the specific issues so that

the BIA has an opportunity to pass on those issues." *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 981 (9th Cir. 2022) (cleaned up). That the BIA affirmed without adopting the IJ's decision does not excuse Diaz-Salgado's failure to exhaust. *See De Mercado v. Mukasey*, 566 F.3d 810, 814 n.1, 815 n.4 (9th Cir. 2009). Moreover, although constitutional due process claims can be excused from the exhaustion requirement "if they involve more than 'mere procedural error' that an administrative tribunal could remedy," the alleged IJ errors were procedural errors that the BIA could have "remed[ied]" if Diaz-Salgado had raised them to the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, any unexhausted due process errors provide no basis for granting this petition.

**PETITION DENIED.**