**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ANDARA-PONCE, | No. 21-70356 |
| Petitioner, | Agency No. A024-113-241 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2022
Submission Withdrawn March 1, 2023
Resubmitted October 11, 2023
San Francisco, California

Before: BRESS and VANDYKE, Circuit Judges, and RESTANI,** Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Jorge Andara-Ponce petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his claim for protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Petitioner is a native and citizen of Honduras, and a former member of the Eighteenth Street Gang. Petitioner first entered the United States without inspection in 1974. On August 7, 2019, the Department of Homeland Security initiated proceedings to issue a final administrative order pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), and on August 23, 2019, an immigration official issued a final order of removal. Later, Petitioner sought relief under CAT, and an asylum officer referred him to withholding-only proceedings. The Immigration Judge (IJ) and the BIA denied all forms of relief. Petitioner filed a petition with this court within thirty days of the BIA's decision.[1]

We review the denial of CAT claims for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992)). To obtain relief under CAT, a petitioner "must show 'it is more likely than not that he

---

[1] This filing was timely pursuant to this court's holdings in *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012) and *Alonso-Juarez v. Garland*, 80 F.4th 1039, 1051 (9th Cir. 2023).

or she would be tortured if removed to the proposed country of removal'" and that the torture would occur "by, or at the instigation of, or with the consent or acquiescence of, a public official." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (citations omitted), *as amended*. The threat of torture must also be particularized. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (citing 8 C.F.R. § 208.18(a)(1)).

Here, the record does not compel the conclusion that it is more likely than not that the Petitioner will be tortured by or with the consent or acquiescence of the government. Although the Petitioner testified to direct threats from the Eighteenth Street Gang as well as gang members' knowledge of his connection to Honduras, the threats in question were made almost twenty years ago, with no evidence of recent action. Additionally, the Department of State's 2018 country report submitted by the Petitioner indicates that while the Eighteenth Street Gang is active in Honduras, there "were no reports of disappearances by or on behalf of government authorities."

In short, nothing in the record compels a decision contrary to that of the BIA.

**PETITION DENIED.**