**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS MEDARDO-LINARES, | No. 21-409 |
| Petitioner, | Agency No.  A077-867-164 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Immigration Court

Submitted March 17, 2023[**]
Submission Withdrawn March 17, 2023
Resubmitted October 19, 2023

Before: LEE, BRESS, MENDOZA, Circuit Judges.

Carlos Medardo-Linares (Medardo), a native and citizen of El Salvador,

petitions pro se for review of a reinstatement of a final order of removal issued

by an Immigration Judge (IJ), in which the IJ concurred with the negative

reasonable fear determination made by the Department of Homeland Security

(DHS). We review an IJ's negative reasonable fear determination for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence and must uphold that decision "unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018) (internal quotations omitted). We review due process challenges to reasonable fear proceedings de novo. *Zuniga v. Barr*, 946 F.3d 464, 466 (9th Cir. 2019) (per curiam). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.[1]

1.    Substantial evidence supports the IJ's negative reasonable fear determination. To avoid reinstatement of a removal order, an alien must show a "reasonable fear of persecution or torture," which requires "establish[ing] a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal." 8 C.F.R. § 208.31(c).

Although Medardo expressed fear of generalized gang violence in El Salvador, substantial evidence supports the IJ's determination that Medardo failed to establish that he will be targeted by gangs on account of a protected ground. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) ("Asylum is not available to victims of indiscriminate violence, unless they are

---

[1] Medardo's petition for review was filed within 30 days of the conclusion of the IJ's reasonable fear proceedings, and is therefore timely, as the government now concedes. *See Alonso-Juarez v. Garland*, 80 F.4th 1039, 1051 (9th Cir. 2023); *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012).

singled out on account of a protected ground."). Medardo alleges he was targeted by gang members who perceived him to be a member of a rival gang because some of his family members are affiliated with a gang. But even assuming persons perceived as rival gang members could be regarded as a cognizable particular social group, Medardo has not shown how he was harmed or will be harmed on this basis, as opposed to indiscriminate gang violence in El Salvador. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). The IJ also reasonably concluded that the harm Medardo had suffered from gangs and police in the past did not amount to torture and that he had not demonstrated a likelihood of future torture. *See* 8 C.F.R. § 1208.18.

2.      The IJ's reasonable fear review hearing complied with applicable regulations and with the requirements of due process. Medardo argues that the IJ violated his Fifth Amendment due process rights by failing to issue a "complete decision" explaining the IJ's concurrence in DHS's negative reasonable fear determination. But the IJ explained the grounds for the negative reasonable fear determination in an oral decision. These explanations were "sufficient to enable a reviewing court to perceive that [the IJ] has heard and thought and not merely reacted." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004)).

3.      Medardo has not established that his counsel during the IJ review

proceedings was ineffective. Although the Sixth Amendment does not apply to civil immigration proceedings, immigration counsel can "be so ineffective as to deprive [petitioners] of their Fifth Amendment right to due process of law." *Nehad v. Mukasey*, 535 F.3d 962, 967 (9th Cir. 2008). "[A]liens shoulder a heavier burden of proof in establishing ineffective assistance of counsel under the Fifth Amendment than under the Sixth Amendment . . ." *Torres-Chavez v. Holder*, 567 F.3d 1096, 1100 (9th Cir. 2009) (internal quotations omitted). The focus of the Fifth Amendment inquiry is whether "the proceeding is so fundamentally unfair that the alien is prevented from reasonably presenting her case." *Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir. 2003).

Medardo has not made this showing. He does not explain how counsel's supposed failure to object to the IJ's questions was unreasonable. Nor does he explain how counsel's lack of diligence in reviewing his file prejudiced him. Lastly, while counsel did not attempt to articulate a plausible protected ground or particular social group, Medardo does not demonstrate how this affected the outcome of the proceeding or what plausible social group should have been put forward instead. The IJ explicitly asked Medardo whether he or his family were harmed because of their membership in a particular social group, and Medardo responded that he had been targeted due to his perceived gang affiliation. As discussed above, however, the IJ reasonably concluded that this did not provide a sufficient nexus to a protected ground.

4.      Medardo asserts that we cannot review documents included in

DHS's Certified Record of Proceedings (ROP) because they were not part of the administrative record. This argument is meritless. The IJ stated that, in conducting his review, he would consider "any documents that the Asylum Officer considered in reaching her decision," which included the documents presented in the DHS ROP. The inclusion of the DHS ROP documents as part of the administrative record does not violate due process.

**PETITION DENIED.**