NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDUARDO ANTONIO YANEZ
GUZMAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-966

Agency No.
A094-352-281

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2024**
Pasadena, California

Before: TALLMAN, IKUTA, and OWENS, Circuit Judges.

Eduardo Antonio Yanez Guzman ("Petitioner" or "Yanez Guzman"), a native

and citizen of Honduras, seeks review of a Board of Immigration Appeals' ("BIA")

decision upholding an Immigration Judge's ("IJ") denial of his application for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal and relief under the Convention Against Torture ("CAT"). The agency proceedings in this case concerned withholding only given Yanez Guzman's reinstated 2007 removal order. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The government initially argued that Yanez Guzman's petition for review was untimely under the Supreme Court's recent decisions in *Nasrallah v. Barr*, 140 S. Ct. 1683 (2020) and *Johnson v. Guzman Chavez*, 141 S. Ct. 2271 (2021). It has since abandoned that argument. Petitions for review must be filed within thirty days of a final removal order. 8 U.S.C. § 1252(b)(1). Recently, in *Alonso-Juarez v. Garland*, we reaffirmed our holding in *Ortiz-Alfaro v. Holder* that a "reinstated removal order does not become final until the . . . withholding of removal proceedings are complete." *See Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2021); *Alonso-Juarez v. Garland*, 80 F.4th 1039, 1049 (9th Cir. 2023). Because Yanez Guzman filed his petition for review with us within thirty days of the completion of his withholding of removal proceedings, his appeal is timely.

2. Substantial evidence supports the BIA's determination that Yanez Guzman failed to present a cognizable social group. Yanez Guzman argues that he is a member of a particular social group comprised of "Honduran national victim[s] of persecution by member[s] of the Honduran police." Both the IJ and the BIA found

that this proposed social group lacks any independence from the persecution Yanez Guzman claims he endured. We have previously endorsed BIA analyses that find a social group is not cognizable when it is "defined exclusively by the fact that its members have been subjected to harm." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1086 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 242 (BIA 2014)). Moreover, BIA determinations as to whether a particular social group is cognizable are afforded *Chevron* deference. *See Reyes v. Lynch*, 842 F.3d 1125, 1135 (9th Cir. 2016). The BIA appropriately analyzed Yanez Guzman's proposed social group and reasonably concluded that it is impermissibly circular.

Moreover, the BIA properly declined to consider a new social group made up of "family business owners" that Yanez Guzman then proposed, for the first time, in his appeal to the Board. The BIA does not *per se* err when it "decline[s] to consider . . . proposed particular social groups that were raised for the first time on appeal." *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019). Yanez Guzman has made no effort to demonstrate why he did not raise this additional particular social group before the IJ, despite having an express, on-the-record opportunity to do so. Nor has he meaningfully challenged the BIA's decision not to entertain this additional social group in his appeal to our Court. Accordingly, the BIA did not err in declining to consider this newly raised social group.

Finally, Yanez Guzman submitted a social group definition for the first time

in his opening brief to us comprised of "those who cooperate with law enforcement as a witness to crimes." However, 8 U.S.C. § 1252(d)(1) requires petitioners to "exhaust[] all administrative remedies" on the issues they present on appeal. Section 1252(d)(1)'s exhaustion requirement is a mandatory claim processing rule that a court must enforce if a party properly raises it. *Santos-Zacaria v. Garland*, 598 U.S. 411, 421–23 (2023); *see Umana-Escobar v. Garland*, 69 F.4th 544, 550–51 (9th Cir. 2023). Yanez Guzman's argument that this social group is supported by "new case law" is unavailing based on Ninth Circuit and BIA precedents predating this case that found virtually the same group to be socially visible and, at least possibly, cognizable. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092–94 (9th Cir. 2013) (en banc) (citing a 2006 BIA decision holding that "those who testify against cartel members are socially visible"). Given the government properly raised § 1252(d)(1)'s exhaustion requirement, and Yanez Guzman has failed to exhaust his administrative remedies, we decline to consider his argument concerning this final social group.

3. Substantial evidence supports the BIA's conclusion that Yanez Guzman failed to meet his burden to establish that it is more likely than not that he would be tortured if returned to Honduras. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). In considering all of the evidence available in the record, the BIA found, *inter alia*, that Yanez Guzman had failed to meaningfully contest the IJ's determination that both Yanez Guzman's Honduran attorney and mother

continue to live in Honduras unharmed; that he had failed to provide adequate support for his contention that he would be unable to relocate to a different city in Honduras; and that his own testimony about Tavora's arrest, prosecution, conviction, and incarceration belied his claim that the Honduran government would acquiesce in his alleged torture upon his removal.

Yanez Guzman testified to one isolated instance of physical abuse at the hands of the Honduran police, and a number of death threats he, his mother, and his Honduran attorney have received. But we have previously recognized that even "instances of significant physical abuse" may not constitute torture. *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022); *see, e.g.*, *Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir. 2006) (finding substantial evidence supported decision to find petitioner who suffered "severe physical attacks and threats to his life" ineligible for CAT relief). Although Yanez Guzman has alleged facts that demonstrate he was subjected to unfortunate treatment while in Honduras, he has failed to establish that the BIA's determination is unsupported by substantial evidence and that a contrary result is compelled. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017).

**PETITION DENIED.**