NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANDRA CAROLINA OVIEDO-DE
SANDOVAL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   21-70611

Agency No. A088-522-970

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2022[**]
Pasadena, California

Before:  LEE and BRESS, Circuit Judges, and FITZWATER,[***] District Judge.

Sandra Oviedo-De Sandoval, a native and citizen of El Salvador, seeks review

of an Immigration Judge's (IJ) negative reasonable fear determination, which made

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

her reinstated removal order administratively final. *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958–59 (9th Cir. 2012). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

We review an IJ's reasonable fear determinations for substantial evidence and "must uphold the IJ's conclusion . . . unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 831, 833 (9th Cir. 2016) (internal quotation marks omitted). We review due process challenges to reasonable fear proceedings de novo. *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021).

1. Substantial evidence supports the IJ's conclusion that Oviedo-De Sandoval does not have a reasonable fear of persecution on account of, or because of, her religion or membership in a particular social group (PSG). Gang members threatened Oviedo-De Sandoval and her family, but death threats constitute "persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (internal quotation marks and citation omitted).

Even if the threats did rise to the level of persecution, Oviedo-De Sandoval did not establish that the gang targeted her because of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (explaining that, even if membership

2

in a PSG is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"). She received threats from gang members because they believed that Oviedo-De Sandoval was giving information to the police, given that her brother-in-law was a police officer. The gang did not, however, target her because of her familial membership. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010) (holding that the petitioner failed to prove a nexus where there was no evidence that family was targeted on account of protected ground and petitioner testified that the bandits' motivation for violence was the value of his grandfather's land). There is also no evidence that the gang targeted Oviedo-De Sandoval because of her religious beliefs. To the contrary, Oviedo-De Sandoval told the asylum officer that she had not been harmed nor feared being harmed because of her religion. The record thus does not compel the conclusion that Oviedo-De Sandoval was targeted on account of a protected ground.

Oviedo-De Sandoval also did not show a reasonable possibility that she would be persecuted in the future or targeted because of any belief or membership in a PSG. Gang members asked about Oviedo-De Sandoval's whereabouts in 2020, but they have not made any formal threats against her since 2016, and there is no evidence that their inquiry was motived by a protected ground.

2. Substantial evidence also supports the IJ's conclusion that Oviedo-De Sandoval has not shown eligibility for protection under the Convention Against

3

Torture (CAT). To demonstrate a reasonable possibility of torture, a petitioner must show that there is a ten percent chance that upon her return she will be tortured "with the consent or acquiescence of a public official." *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1195–96 (9th Cir. 2021). Oviedo-De Sandoval does not argue that state actors inflicted, instigated, or consented to the harm that she experienced, and she fails to provide any specific examples of the police being alerted to and refusing to investigate gang-related crimes. To the contrary, she testified that the police arrest gang members but are ineffective. But "absent evidence of corruption or other inability or unwillingness to oppose criminal organizations," Oviedo-De Sandoval's "evidence that a government has been generally ineffective in preventing or investigating criminal activities" does not "raise an inference that public officials are likely to acquiesce in torture." *Garcia–Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

3. The IJ did not violate Oviedo-De Sandoval's due process rights by not addressing all the evidence and claims in her decision. In expedited proceedings, IJs "review the evidence provided by the asylum officer, along with any new evidence or testimony provided, and issue a special order for reasonable fear review proceedings." *Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (internal quotation marks omitted). Here, the IJ considered the evidence in the record, heard additional testimony from Oviedo-De Sandoval, and concurred with the asylum

4

officer's determination. And "an IJ's failure specifically to address all of the evidence and claims before him or her (during the reasonable fear proceedings) does not violate the alien's due process rights." *Id.* at 807.

4. The IJ did not violate Oviedo-De Sandoval's statutory right to counsel by denying her request for a continuance. An alien with a reinstated removal order has a statutory right to representation at her reasonable fear hearing before an IJ. *Orozco-Lopez*, 11 F.4th at 776. But "in the absence of exceptional circumstances, denying a continuance despite the non-citizen's inability to retain counsel within ten days is not a denial of this entitlement," if the asylum officer informed the alien of the opportunity to have counsel—such as by providing a list of pro bono attorneys— "at the time the asylum officer notified the non-citizen of the negative fear determination and the non-citizen requested IJ review." *Id.* at 778. At the reasonable fear interview, the asylum officer informed Oviedo-De Sandoval of her statutory right to counsel and provided her with a list of pro bono organizations and attorneys. The IJ later denied the continuance because it was "unclear" how Oviedo-De Sandoval's circumstances would change with additional time, and there was no "good cause" to grant the request. Since Oviedo-De Sandoval had notice of her right to counsel, and there are no exceptional circumstances to warrant a continuance, she was not denied the right to counsel. *Id.*

5. Finally, Oviedo-De Sandoval contends that she was deprived of a fair

5

hearing because the IJ displayed bias and "relied on speculation and conjecture in her decision." But she provides no evidence that the IJ gave "her own biased" and "bizarre" reasoning for denying Oviedo-De Sandoval's request for a continuance, nor does the record contain any evidence of bias. Rather, the IJ questioned Oviedo-De Sandoval about her ability to obtain an attorney before ruling on her request for a continuance and was unsatisfied with Oviedo-De Sandoval's answers. Oviedo-De Sandoval's claim thus lacks merit.

**DENIED.**