**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Edgardo Armando Castaneda Flores, | No. 21-517 |
| Petitioner, | Agency No.  A094-393-563 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2023**
San Francisco, California

Before: S.R. THOMAS, MILLER, SANCHEZ, Circuit Judges.

Edgardo Armando Castaneda Flores ("Castaneda Flores"), a native and citizen of El Salvador, petitions for review of an immigration judge's ("IJ") determination that he did not establish a reasonable fear of persecution or torture in El Salvador and therefore is not entitled to relief from his reinstated removal order. We have jurisdiction under 8 U.S.C. § 1252, and we deny the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition.[1]

We review for substantial evidence an IJ's negative reasonable fear determination, upholding "unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018) (citations and internal quotation marks omitted).

1.      Substantial evidence supports the IJ's determination that Castaneda Flores failed to establish a reasonable fear of persecution as a "father of an autistic child in El Salvador." Castaneda Flores stated that his daughters would remain in the United States with their mother if he were removed, and nothing in the record suggests that he would experience persecution as a father of an autistic daughter who lives in the United States. Castaneda Flores also expressed fear over how the Mara Salvatrucha ("MS-13") gang would treat him if they knew his other daughter had arthritis, but nothing in the record suggests that the MS-13 gang would know about his daughters' diagnoses if they remained in the United States. Because "[s]peculation on what could occur is

---

[1] After briefing in this case was complete, the government notified us of a recent Second Circuit decision, *Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 189-93, 196-97 (2d Cir. 2022), which held, contrary to *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012), that decisions made during withholding-only proceedings are not final orders of removal subject to judicial review. We need not resolve our statutory jurisdiction over such decisions. Instead, we assume statutory jurisdiction and deny the petition on the merits. *See De La Rosa-Rodriguez v. Garland*, 49 F.4th 1282, 1291 (9th Cir. 2022).

not enough to establish a reasonable fear," *Bartolome*, 904 F.3d at 814, substantial evidence supports the IJ's determination.

We find no merit to Castaneda Flores's argument that the IJ failed to consider all documentary evidence. The IJ reviewed the documents he received from Castaneda Flores's counsel, permitted counsel to submit sixty additional pages of documents, and referenced specific information from the documents during the hearing. Reasonable fear determinations need not address "all of the evidence and claims specifically." *Id.* at 814. There is "no basis to assume that the IJ failed to consider the evidence" in this record, including the country conditions articles. *Id*.

2. Substantial evidence supports the IJ's finding that Castaneda Flores failed to establish "a reasonable possibility that he would be tortured in the country of El Salvador" by the MS-13 gang. There is no evidence that Castaneda Flores experienced any past harm, let alone torture, from the MS-13 gang. *See Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) ("[T]he existence of past torture is ordinarily the principal factor on which [this Court] rel[ies]." (internal quotation marks omitted)). Castaneda Flores expressed only generalized fears about crime and violence in El Salvador, which is insufficient to meet the standard for relief under the Convention Against Torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016). Because Castaneda Flores "fail[ed] to show a 'reasonable possibility' of future torture,"

any argument regarding "government acquiescence is irrelevant, as there is no torture for the government to give in to." *Rivera Vega v. Garland*, 39 F.4th 1146, 1158 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.31(c)); *see Orozco-Lopez v. Garland*, 11 F.4th 764, 780 (9th Cir. 2021).

The motion for a stay of removal (Docket Entry No. 2) is denied. The temporary stay of removal is lifted.

**PETITION DENIED.**