**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Gilber Miguel Hernandez Gomez, | No. 21-111 |
| Petitioner, | Agency No.    A200-952-534 |
| v. | |
| Merrick B. Garland, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2023[**]
Pasadena, California

Before: CALLAHAN, FORREST, and H.A. THOMAS, Circuit Judges.

Gilber Miguel Hernandez Gomez, a citizen of El Salvador, seeks review of

the Board of Immigration Appeals' (BIA) decision denying him withholding of

removal and protection under the Convention Against Torture (CAT). We have

jurisdiction under 8 U.S.C. § 1252(a), *see Ortiz-Alfaro v. Holder*, 694 F.3d 955,

957 (9th Cir. 2012), and we deny the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Where, as here, the BIA adopts the Immigration Judge's (IJ) reasoning in addition to providing its own, we review both decisions. *Hernandez v. Garland*, 47 F.4th 908, 912 (9th Cir. 2022).

1. ***Withholding of Removal.*** Hernandez Gomez fails to make any specific argument challenging the agency's determination that his tattoo-based particular social group (PSG) fails because it is not composed of members sharing an immutable characteristic and because it is too broadly defined. He also fails to make any specific challenge to the agency's purported lack of analysis of either of his two PSGs or to the agency's determination that a gang targeted him for purely criminal motives. These issues are dispositive. *See, e.g.*, *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (stating elements for withholding of removal); *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180 (9th Cir. 2021) (stating elements for cognizable PSG); *cf. Arteaga v. Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007) (concluding that the group "[t]attooed gang member" was overbroad). Hernandez Gomez has therefore forfeited an effective challenge to the agency's withholding of removal decision. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) (finding petitioner forfeited argument "by failing to develop [it] in his opening brief"); *see also Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

2. ***CAT.*** A reasonable adjudicator would not be compelled to conclude that Hernandez Gomez is entitled to relief under CAT because he is likely to be tortured upon return to El Salvador. *See Ponce v. Wilkinson*, 987 F.3d 886, 890–

91 (9th Cir. 2021). Although Hernandez Gomez alleged substantial abuse from the Salvadoran police and a notable gang, this past harm does not rise to the level of torture and the evidence in the aggregate does not compel the conclusion that Hernandez Gomez faces a particularized risk of future torture. *See, e.g.*, *Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007) (while evidence compelled a finding of persecution where petitioner was taken into custody and beaten on four occasions, it did not compel a finding of likelihood of torture); *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022) (finding petitioner's evidence, including country conditions reports, failed to show petitioner faced a particularized risk of torture); *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (holding substantial evidence supported denial of CAT relief where petitioner failed to establish the government tortures "those with gang-related tattoos").[1]

Finally, we deny Hernandez Gomez's motion for a stay of removal.

**PETITION DENIED.**

---

[1]To the extent Hernandez Gomez argues that the agency failed to consider relevant evidence, these arguments fail as he has not "overcome the presumption" that the agency "did review the evidence." *Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000).