**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Apolinar Martinez-Hernandez, | No. 21-427 |
| Petitioner, | Agency No.     A078-758-374 |
| v. | |
| Merrick B. Garland, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 7, 2023
Pasadena, California

Before: CALLAHAN, FORREST, and H.A. THOMAS, Circuit Judges.

Apolinar Martinez-Hernandez, a citizen of Mexico, challenges the Board

of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ)

denial of withholding of removal and protection under the Convention Against

Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), *see Ortiz-Alfaro*

*v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012), and we deny the petition.

1.     ***Expert opinion.*** Martinez-Hernandez argues that the agency erred

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

by not accepting, without reservation, his expert's opinions about (1) the likelihood that he would be institutionalized in Mexico and (2) the conditions of mental-health facilities in that country. However, the agency weighed the expert's opinions against the record evidence and concluded that it was equivocal "at best" regarding whether Martinez-Hernandez would be institutionalized. Specifically, there was no evidence that Martinez-Hernandez had ever been institutionalized in either the United States or Mexico, and contrary to the expert's assertion that Martinez-Hernandez lacked "family and community support in Mexico," the record established that his parents and brother live in Mexico and that he could live with them. The agency did not err where it considered the expert opinion and explained the reasons it found that opinion insufficient. *See Zheng v. Holder*, 644 F.3d 829, 836 (9th Cir. 2011); *Aguilar-Ramos v. Holder*, 594 F.3d 701, 706 n.7 (9th Cir. 2010).

2. ***Waiver.*** Martinez-Hernandez argues the BIA erred in concluding that he waived his challenge to the IJ's nexus analysis by not raising it to the BIA. Even assuming the BIA so erred, remand would be futile where the BIA concluded that Martinez-Hernandez failed to establish the alleged harm that he relies on in arguing nexus is satisfied—that he is more likely than not to be institutionalized in Mexico. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam) (declining to remand to the BIA where such remand "would be an idle and useless formality"); *cf. Gutierrez-Zavala v. Garland*, 32 F.4th 806, 810–11 (9th Cir. 2022) (declining to remand where the "necessary and certain" result

2

would be denial of the motion to reopen).

3.    *CAT.* Finally, Martinez-Hernandez argues that the agency failed to properly analyze his claim that he would be tortured by Mexican security forces and that the agency's denial of CAT protection is not supported by substantial evidence. We conclude that the agency did not err where it considered the argument that Martinez-Hernandez actually made—that he likely would come to the attention of security forces who would transfer him to an institution where he would be tortured. *See Zheng*, 644 F.3d at 835 (explaining petitioner has the burden to establish eligibility for CAT relief); *cf. Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (noting legal claims must be raised in proceeding sufficient to put the BIA on notice of what is being challenged). The agency had no obligation to address arguments Martinez-Hernandez did not make. And we conclude that substantial evidence supports the BIA's conclusion that Martinez-Hernandez has not demonstrated that he is more likely than not to be institutionalized given that there is no evidence that he has been institutionalized in the past and given that his parents, who live in Mexico, are involved in his life and are willing to have him live with them. *See Hernandez v. Garland*, 52 F.4th 757, 771–72 (9th Cir. 2022).

**PETITION DENIED.**