**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELOY SALINAS-MONTENEGRO, | No. 21-3 |
| Petitioner, | Agency No. A029-456-196 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 19, 2023**
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and MORRIS, District Judge.***

Petitioner Eloy Salinas-Montenegro, a native of Mexico, petitions for

review of a Board of Immigration Appeals ("BIA") decision dismissing his

appeal of an Immigration Judge ("IJ") order that denied his applications for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

We uphold the BIA's factual determinations so long as they are supported by substantial evidence. *See Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). We review questions of law de novo. *See id.* Where "the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012).

1. The BIA did not err in holding that Salinas-Montenegro's proposed particular social group of "repatriated Mexican citizens perceived as American"

---

[1] The government contends that we lack jurisdiction because Salinas-Montenegro's petition is untimely, citing *Bhaktibhai-Patel v. Garland*, 32 F.4th 180 (2d Cir. 2022). In *Bhaktibhai-Patel*, the Second Circuit relied on the Supreme Court's decisions in *Nasrallah v. Barr*, 140 S. Ct. 1683 (2020), and *Johnson v. Guzman* Chavez, 141 S. Ct. 2271 (2021), to hold that it lacked jurisdiction over a noncitizen's petition for review of the BIA's denial of withholding-only relief because 1) an order denying withholding of removal is not itself a final order of removal and 2) the noncitizen had waited too long to petition for review of his reinstated removal order. 32 F.4th at 189-93. But in *Ortiz-Alfaro v. Holder*, we held that a "reinstated removal order does not become final until the reasonable fear of persecution and withholding of removal proceedings are complete." 694 F.3d 955, 958 (9th Cir. 2012). *Ortiz-Alfaro* is not clearly irreconcilable with *Nasrallah* and *Johnson*, *see Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc), so we remain bound by it. Because Salinas-Montenegro timely filed his petition for review within thirty days of the completion of his withholding-only proceedings, we have jurisdiction.

was not cognizable. "Whether a group constitutes a 'particular social group' under the INA is a question of law we review de novo." *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). Our precedent forecloses the recognition of Salinas-Montenegro's proposed group. *See Ramirez-Muñoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016) (rejecting particular social group of "imputed wealthy Americans"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (rejecting particular social group of "returning Mexicans from the United States"). Accordingly, Salinas-Montenegro's proposed particular social group cannot establish eligibility for withholding of removal.

2. Substantial evidence supports the BIA's determination that Salinas-Montenegro is also ineligible for CAT relief. While Salinas-Montenegro credibly testified about his assault by Mexican law enforcement in December 1999, he presented no evidence that the Mexican authorities have harmed or threatened him in the intervening twenty-three years since the assault occurred, let alone evidence that Mexican authorities remain aware of him. Even assuming his past assault constitutes torture, Salinas-Montenegro has not established a particularized risk of future torture. Accordingly, the probability of future torture is too speculative on the record presented to compel the conclusion that Salinas-Montenegro is entitled to CAT relief. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

**PETITION DENIED.**