**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 7 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORENA CAMARILLO-MARTINEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-1306

Agency No.
A205-601-216

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2024[**]
Pasadena, California

Before: H.A. THOMAS and DESAI, Circuit Judges, and SOTO, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James Alan Soto, United States District Judge for the District of Arizona, sitting by designation.

Petitioner Lorena Camarillo-Martinez, a citizen of Mexico, appeals a decision of the Board of Immigration Appeals ("BIA") denying her petition for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the BIA's purely legal determinations de novo. *See B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022). We review the BIA's factual findings under the deferential substantial evidence standard and will uphold them unless the evidence compels a contrary result. *Id*. We also review denials of withholding of removal and CAT relief for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).

1.      The government argues that this court lacks jurisdiction over this appeal because Petitioner did not file her petition for review within 30 days of the agency's reinstatement of removal. We disagree. We have jurisdiction to hear Petitioner's appeal because a reinstated order of removal does not become a final order of removal for purposes of 8 USC § 1252(b)(1) until a petitioner's withholding-only proceedings have concluded. *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 959–60 (9th Cir. 2012). Other circuits have held the Supreme Court's recent decisions in *Nasrallah v. Barr*, 590 U.S. 573 (2020) and *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021) preclude appellate review of petitions filed more than 30 days after a reinstatement order is issued. *See e.g.*, *Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 193 (2nd Cir.

2022) (holding *Guzman Chavez* abrogated precedent that a "reinstated removal order is not 'administratively final' during the pendency of withholding-only proceedings"). But this Circuit's recent decision in *Alonso-Juarez v. Garland* expressly rejects the reasoning of those circuits. 80 F.4th 1039, 1049–51 (9th Cir. 2023) (construing *Nasrallah* and *Guzman Chavez* more narrowly than other circuits). Under *Ortiz-Alfaro v. Holder*, reinstated removal orders do not become administratively final until after withholding-only proceedings are concluded. 694 F.3d 955, 959–60 (9th Cir. 2012). *Ortiz-Alfaro* remains good law, *Alonso-Juarez*, 80 F.4th at 1050–51, and we therefore have jurisdiction to hear Petitioner's appeal.

Here, Petitioner filed her petition for review before this court more than 30 days after the reinstatement order was issued. Her order of removal, however, became final only when the BIA dismissed her appeal in withholding-only proceedings on November 12, 2021. Given that Petitioner filed her petition for review with this court on December 9, 2021, within 30 days of the BIA's dismissal, we have jurisdiction to hear Petitioner's appeal.

2.     Petitioner waived review of the BIA's determination that she was not persecuted on account of her political opinions. Failure to preserve an issue before the appropriate administrative body waives that issue before an appellate court. *Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004). Petitioner did not raise

any challenge to the BIA's determination in her briefing before this court, and the issue is therefore waived.

3. Petitioner has failed to exhaust her withholding of removal claim based on her proposed particular social groups ("PSGs") by failing to challenge the Immigration Judge's determination that her PSGs were not cognizable before the BIA. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust . . . ."). We therefore decline to review the merits of Petitioner's withholding of removal claim based on her proposed PSGs.

4. Substantial evidence supports the BIA's determination that Petitioner fails to qualify for CAT protection. A petitioner seeking withholding of removal under CAT must establish "that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). If credible, a petitioner's testimony may support this burden of proof without corroboration. 8 C.F.R. § 1208.16(c)(2). In assessing whether it is more likely than not that an applicant will be tortured in the proposed country of removal, the court may consider: evidence of past torture inflicted upon the applicant; evidence that the applicant could relocate to a part of the country of removal where he is not likely to be tortured; evidence of gross, flagrant, or mass violations of human rights within

the country of removal; and other relevant information pertaining to the country of removal. 8 C.F.R § 1208.16(c)(3); *see also Maldonado* v. *Lynch,* 786 F.3d 1155, 1162–64 (9th Cir. 2015) (en banc).

Here, the record suggests Petitioner previously avoided torture by relocating within Mexico. There is also no evidence that the alleged harm she would face in Mexico would be by or at the instigation of or with the consent or acquiescence of a public official. Therefore, substantial evidence supports the determination that Petitioner cannot show it is "more likely than not" that she will be tortured if removed to Mexico and is therefore ineligible for CAT protection.

**DENIED.**