NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUL 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHAN SOTO CEDENO, | No. 24-1018 |
| Petitioner, | Agency No. A241-361-947 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Immigration Judge

Argued and Submitted February 14, 2025
Pasadena, California

Before: PAEZ and R. NELSON, Circuit Judges, and LASNIK, District Judge.**
Partial Concurrence and Partial Dissent by Judge R. Nelson.

Johan Soto Cedeno, a native and citizen of Venezuela, petitions for review of an immigration judge's (IJ) order concurring in an asylum officer's negative reasonable fear determination. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

1.      Soto Cedeno argues that the IJ violated his due process rights by failing to obtain a knowing and voluntary waiver of his statutory right to counsel. *See Orozco-Lopez v. Garland*, 11 F.4th 764, 777, 779 (9th Cir. 2021). We agree.

First, exhaustion is not required in this context because no administrative remedy remained. *See* 8 U.S.C. § 1252(d)(1). Any requirement that Soto Cedeno raise his right-to-counsel claim before the IJ who committed the violation would undermine the right itself, which requires an express waiver before a petitioner proceeds without representation even if the petitioner does not request counsel and appears to assent to proceeding without one. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1104 (9th Cir. 2004). And in the context of this expedited proceeding, Soto Cedeno had no opportunity for administrative review before the Board of Immigration Appeals. So there was effectively no opportunity for Soto Cedeno to exhaust his due process argument before the agency. Although § 1252(d)(1) applies, it is satisfied where there is no administrative remedy available as of right to exhaust. So we proceed with the merits.

"If a non-citizen appears without counsel in a removal hearing, there must be a knowing and voluntary waiver of the right to counsel before the hearing can proceed." *Zuniga v. Barr*, 946 F.3d 464, 468 n.5 (9th Cir. 2019) (cleaned up). For a waiver to be valid, the IJ must "(1) inquire specifically as to whether [the] petitioner wishes to continue without a lawyer; and (2) receive a knowing and

voluntary affirmative response." *Id.* (quoting *Tawadrus*, 364 F.3d at 1103 (citations omitted)). If an IJ proceeds without a valid waiver, the petitioner need not show prejudice. *Id.* at 471.

The IJ did not satisfy the first prong of the knowing-and-voluntary waiver analysis. The IJ never "specifically" asked if Soto Cedeno "wishe[d] to continue without a lawyer." *Tawadrus*, 364 F.3d at 1103. Rather, the IJ asked if Soto Cedeno was "prepared to move forward with [his] hearing," to which Soto Cedeno responded, "Yes." While Soto Cedeno answered with a clear and affirmative response, the IJ needed to inquire specifically as to whether Soto Cedeno wished to proceed *without a lawyer*. *See Zuniga*, 946 F.3d at 466, 471. Because the IJ did not obtain a valid waiver of the right to counsel, remand is required. *Id.* at 471.

2.      The IJ denied withholding of removal because Soto Cedeno alleged that he was "being targeted because of his investigation into the Tocuyanos, which is not a protected ground." Soto Cedeno's opening brief offers no argument for why the IJ's nexus determination was wrong. He thus forfeited any challenge to the IJ's nexus holding, which resolves his claim for withholding of removal. *See, e.g., Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). To the extent that Soto Cedeno alleges that the IJ ignored evidence of alternate theories of persecution, that argument fails. *See Bartolome v. Sessions*, 904 F.3d 803, 807 (9th Cir. 2018).

3.      We conclude that the IJ applied the wrong legal standard to Soto

Cedeno's claim under the Convention Against Torture (CAT). The IJ denied CAT protection because Soto Cedeno "did not allege that the [Venezuelan] government was involved in any of the harm or threats." But under CAT's implementing regulations, torture may occur not only with government involvement, but also "with the consent or acquiescence" of the government. *See* 8 C.F.R. § 208.18(a)(1); *see id.* § 208.18(a)(7). The IJ's articulation of the CAT standard ignored the "consent or acquiescence" prong. *See Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 787 (9th Cir. 2004). When the agency "applies the wrong legal standard to an applicant's claim, the appropriate relief from this court is remand for reconsideration under the correct standard." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006).

**PETITION GRANTED and REMANDED.**

*Soto Cedeno v. Bondi*, No. 24-1018

R. NELSON, Circuit Judge, concurring in part and dissenting in part:

I agree that the immigration judge (IJ) applied the wrong legal standard to Soto Cedeno's claim under the Convention Against Torture.  But I would not reach the merits of Soto Cedeno's right-to-counsel claim.  Because Soto Cedeno did not exhaust that claim before the agency, we lack authority to review it.

Federal immigration law requires exhaustion of "all administrative remedies available to [an] alien as of right."[1]  8 U.S.C. § 1252(d)(1); *see Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).  After a removal order is reinstated, the only opportunity where an alien has a right to seek administrative review of an asylum officer's negative reasonable fear determination is during his or her hearing before the IJ.  *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 957 (9th Cir. 2012) ("The regulations do not provide any means for the alien to appeal the IJ's decision regarding a reasonable fear of persecution to the Board of Immigration Appeals.").  So, unless an exception applies, Soto Cedeno had to exhaust his right-to-counsel claim before the IJ.

Generally, due process claims do not require exhaustion.  *Vargas v. U.S. Dep't of Immigr. & Naturalization*, 831 F.2d 906, 908 (9th Cir. 1987).  But where a due

---

[1] We must enforce the exhaustion requirement where, as here, it is raised by the government.  *Shen v. Garland*, 109 F.4th 1144, 1157 (9th Cir. 2024).

1

process claim involves "mere procedural error that an administrative tribunal could remedy," we demand exhaustion. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (internal quotation omitted), *abrogated on other grounds by Shen v. Garland*, 109 F.4th 1144, 1157 (9th Cir. 2024). Put simply, "we may not entertain due process claims based on correctable procedural errors unless the alien raised them below." *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002).

The failure to obtain an affirmative waiver of the right to counsel is a correctable procedural error. In *Brezilien v. Holder*, the petitioner argued that the IJ violated his due process rights by finding him removable without first confirming that he had waived his right to counsel. 569 F.3d 403, 412 (9th Cir. 2009). But because the petitioner "failed to exhaust his administrative remedies as to this alleged *procedural error*," we could not review it. *Id.* (emphasis added).

So too here. It is undisputed that Soto Cedeno was informed of his statutory right to counsel. The IJ explained the right in detail at an initial hearing, gave Soto Cedeno a written notice explaining his right to secure counsel, and agreed to a continuance so that Soto Cedeno could consult with a lawyer. Soto Cedeno also received a list of pro bono legal service providers. And as Soto Cedeno explained, "I would like to consult and be advised by a lawyer who can help me with my case before I have the hearing with . . . your honor."

When he returned for his continued hearing, Soto Cedeno never signaled to

2

the IJ that he wished to exercise his right to counsel, even after a reminder that he had been given more time to consult an attorney. Had Soto Cedeno merely referenced an attorney when asked if he was "prepared to move forward" with his hearing, the IJ could have corrected any alleged procedural error by more clearly asking whether Soto Cedeno wished to affirmatively waive his right to counsel. *See Brezilien*, 569 F.3d at 412; *see also Barron*, 358 F.3d at 676–78 (exhaustion required for a due process claim based on absence of counsel and lack of opportunity to present a case). Because Soto Cedeno failed to do so, his right-to-counsel claim is unexhausted.

To be sure, a petitioner "need not use precise legal terminology to exhaust his claim. Nor must he provide a well developed argument." *Umana-Escobar*, 69 F.4th at 550 (quoting *Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011)). "But he *must* put the issue before the agency such that it had the opportunity to correct its error." *Arsdi*, 659 F.3d at 929 (cleaned up). Because that requirement was not satisfied with respect to Soto Cedeno's right-to-counsel claim, I respectfully dissent in part.